**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lay Trece V Williams, | No. CV-19-01952-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Circle K Stores Incorporated, | |
| Defendant. | |

This is a Title VII case in which Plaintiff alleges her employer discriminated against her based on her race and unlawfully retaliated against her for threatening to report a coworker and pursuing workers compensation. Currently pending before the Court is Defendant Circle K Incorporated's Motion for Summary Judgment. (Doc. 56)[1] After considering the response (Doc. 81)[2], reply (Doc. 91) and relevant case law, the Court will grant Defendant's motion because Plaintiff has failed to present evidence of her claims sufficient to survive summary judgement.

## I.    Factual Background

Plaintiff Lay Trece V Williams is an African American female who was employed by Circle K for 4 years. She was hired in September 2014 to work as a Customer Service Representative. She was later promoted to lead associate and then Lead Customer Service

---

[1] While Plaintiff also filed a Motion for Summary Judgment (Doc. 82), that motion is untimely and will be stricken.

[2] The Court has not considered the stricken responses. (Docs. 55 and 60.)

1 Representative/Ambassador, the position she held when she was terminated in June 2018.

2 The cause of her termination is the center of this dispute. Plaintiff asserts her termination

3 was the result of discrimination and retaliation, while Circle K maintains Plaintiff's

4 termination was fully justified.

5 Plaintiff worked for Circle K for several years, but her tenure was not without

6 incident. For example, Plaintiff received a counseling notice for excessive tardiness on

7 January 8, 2018. (Doc. 57. at 1-2.) The notice was given after Plaintiff clocked in late for

8 her shift nine (9) times between December 2, 2017 and January 7, 2018. (Doc. 57-1, p. 43.)

9 Ms. Williams agreed she arrived late on the days in question but contended the counseling

10 notice was actually retaliation for a recent dispute with a coworker. (*Id*.) Plaintiff alleged

11 "she had called a head [sic] of time to let [her] manager or supervisor know that [she] was

12 going to be late each time," yet was still disciplined while other employees' similar actions

13 were not. (*Id.*) Plaintiff asserted the retaliation was in response to a confrontation with her

14 coworker "Kaylynn" related to an argument the two had because Plaintiff carded the

15 coworker when she bought cigarettes. (*Id*.)

16 This was not the only incident of Plaintiff's tenure at Circle K. On June 3, 2018,

17 Plaintiff approached a customer who was using the sink next to the store's soda fountain.

18 (Doc. 57. at 3.) After she asked him to leave, the customer splashed water at her, hit her on

19 the shoulder, and threatened to hurt her children before she escorted him from the store. *Id*.

20 After he left, she followed the man out of the store, and confronted and berated him with

21 her hands up causing the man to think "she planned to physically fight him." *Id*. As Plaintiff

22 herself later admitted, she "lost it and confronted him" and "knowingly disregarded Circle

23 K's rules against confronting customers." *Id*. Afterwards, Plaintiff came back into the store

24 and called her manager who reviewed security footage of the incident. *Id*. Plaintiff was

25 placed on administrative leave the next day. *Id*. Circle K scheduled a meeting for Plaintiff

26 on June 12, 2018 to discuss the incident, but she failed to appear. *Id*.

27 After being placed on administrative leave, Plaintiff requested to use her accrued

28 sick and vacation time to deal with an injury. On June 6, 2018, Plaintiff requested to use

her accrued sick and vacation time to "see about [her] ankle that [had] been swollen for past three months." (Doc. 57. at 4.) Two days later Plaintiff reported for the first time to her employer that the ankle injury was "a work-related injury in November 2017 when a stack of Coke products fell on her ankle…" (*Id.*) On June 11, 2018, Plaintiff filed a workers' compensation claim which was denied by the Industrial Commission after a hearing. (Doc. 57-1. at 75-80.) Eventually on June 24, 2018, Defendant Circle K terminated Plaintiff's employment due to the June 3 incident after their investigation confirmed her violation of the company's policy against confronting customers. (*Id.* at 5.)

## II. Procedural History

Ms. William's termination resulted in this litigation. On September 18, 2018, Ms. Williams filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, and age discrimination, as well as retaliation. (Doc. 57-1. at 109.) Ms. Williams filed an amended charge on October 19, 2018. (Doc. 57.) On December 7, 2018, the EEOC dismissed Ms. Williams' charge and issued her a notice of right to sue letter. (Doc. 57.) Plaintiff filed this action in state court on February 8, 2019. After the Complaint was served, Circle K Inc. removed the case to federal court on March 25, 2019. Plaintiff filed her First Amended Complaint on March 29, 2019 asserting two claims under Title VII. (Doc. 8) The first claim was for racial discrimination due to unfair treatment in the workplace. (*Id.*) The second claim alleged Plaintiff was fired in retaliation for her worker's compensation claim and for reporting a white employee who cussed Plaintiff out for carding her for cigarettes. (*Id.*)

Defendant filed its Motion for Summary Judgment in compliance with Rule 56 of the Federal Rules of Civil Procedure on January 31, 2020. (Doc. 56.) Plaintiff filed her first response to the Defendant's Motion for Summary Judgement on February 4, 2020. However, the Court found Plaintiff's response to be in violation of Rule 56 and Local Rule 56.1, prompting the Court to issue Plaintiff a notice and warning. (Doc. 65.) On March 20, 2020 the Plaintiff filed her Amended Response to Defendant's Motion for Summary Judgment, a document totaling 95 pages. (Doc. 88.)

1

### III.    Scope of Review

2       As a threshold matter the Court finds it necessary to clarify the scope of the case.

3   There are numerous sections of the Plaintiff's Amended Response to Defendant's Motion

4   for Summary Judgment that suffer from either procedural or jurisdictional defects which

5   affect the Court's ultimate resolution of the dispute. The Court will address these issues

6   prior to addressing Plaintiff's race discrimination and retaliation claims.

7       ### A.  Plaintiff's Newly Raised Claims

8       Plaintiff's response raises new claims alleging failure to pay her for all hours

9   worked, defamation, and discrimination based on her religion, disability and nationality.

10  None these claims were present in the First Amended Complaint. "When issues are raised

11  in opposition to a motion to summary judgment that are outside the scope of the complaint,

12  '[t]he district court should [construe the matter] as a request pursuant to rule 15(b) of the

13  Federal Rules of Civil Procedure to amend the pleadings out of time.'" *Desertrain v. City*

14  *of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Apache Survival Coal. v.*

15  *United States*, 21 F.3d 895, 910 (9th Cir. 1994)). In doing so, this Court finds that leave to

16  amend should not be granted in the present case because (1) Plaintiff has not exhausted her

17  administrative remedies, (2) Plaintiff's attempt to amend violates Rule 16(b), and (3) even

18  under a Rule 15 "leave to amend" analysis, Plaintiff's request is futile, prejudices the

19  Defendant, and suffers from undue delay.

20       i.   Plaintiff has not Exhausted Her Administrative Remedies

21       Prior to suing under Title VII, a plaintiff must exhaust administrative remedies by

22  filing a timely charge with the EEOC or appropriate state agency. *Villa v. Arizona*, 2019

23  U.S. Dist. LEXIS 69940, 20 (D. Ariz. April 25, 2019) (citing *B.K.B. v. Maui Police Dep't*,

24  276 F.3d 1091, 1099 (9th Cir. 2002)). The jurisdictional scope of this Court's actions

25  "depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v.*

26  *Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).

27       The Plaintiff's EEOC complaint contains no assertion of discrimination based on

28  religion, disability, or nationality. The body of Plaintiff's EEOC complaint is also devoid

1    of allegations based on these grounds. Even on the coversheet of Plaintiff's EEOC

2    complaint, Plaintiff left the boxes for religion, national origin, and disability unchecked,

3    while indicating her complaint was based on race, sex, and age discrimination. (Doc. 57-

4    1. at 106.) As such Plaintiff has not exhausted her administrative remedies for any of the

5    newly alleged theories of discrimination, and the Court will not consider them.

6            ii.   Plaintiff's attempt to Amend Violates the Court's Scheduling Order

7            Federal Rule of Civil Procedure 16 also prevents this Court from considering

8    Plaintiff's new claims. When there is a scheduling order, the "ability to amend [a]

9    complaint [is] governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations,*

10   *Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Further, under Rule 16 the Court will "deny as

11   untimely an amendment motion filed after the scheduling order's cut-off date where no

12   request to modify the order has been made." *See Capuano v. Kenneth Eisen & Assocs.,*

13   *Ltd.*, No. CV-11-02395-PHX-JAT, 2012 WL 2376675, at \*1 (D. Ariz. June 22, 2012)

14   (citing *Johnson*, 975 F.2d at 608-09). A scheduling order "may be modified only for good

15   cause..." Fed. R. Civ. P. 16(b)(4). "Good cause" means the scheduling deadlines cannot be

16   met despite the party's diligence. *Johnson*, 975 F.2d at 609. "If the party seeking the

17   modification was not diligent, the inquiry should end and the motion to modify should not

18   be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

19           The Court's deadline for amended pleadings was August 20, 2019, yet Plaintiff's

20   request to amend comes more than seven months after that date. There is no new fact or

21   revelation Plaintiff can point to showing "noncompliance… occurred…notwithstanding

22   [her] diligent efforts to comply" nor was she "diligent in seeking amendment of the Rule

23   16 order, once it became apparent that [she] could not comply…" *See Cameron v. Avalon*

24   *Mobility Inc.*, No. CV-15-00963-PHX-JAT, 2018 WL 704326, at \*2 (D. Ariz. Feb. 5,

25   2018). As such, the Court finds the Plaintiff was not diligent in her efforts to seek

26   amendment and her motion to modify should not be granted.

27           iii. Leave to Amend is Not Warranted under Federal Rule 15

28           Even were the Court inclined to undergo a Rule 15 analysis, Plaintiff's motion to

1    amend would fail for undue delay, prejudice, and futility. "Five factors are taken into

2    account to assess the propriety of a motion for leave to amend: bad faith, undue delay,

3    prejudice to the opposing party, futility of amendment, and whether the plaintiff has

4    previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.

5    2004). In considering undue delay, the Court asks "whether the moving party knew or

6    should have known the facts and theories raised by the amendment in the original

7    pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 946, 953 (9th Cir.

8    2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

9    Additionally, the Ninth Circuit has found that raising a claim after relevant discovery has

10   closed may prejudice a party by "depriv[ing] [them] of the opportunity to conduct

11   appropriate discovery…" *Neidermeyer v. Caldwell*, 718 Fed. Appx. 485, 488 (9th Cir.

12   2017).

13          Plaintiff's Amended Response contains no allegations or facts justifying her delay.

14   Plaintiff filed her EEOC complaint on October 19, 2018 and her First Amended Complaint

15   with this Court on March 29, 2019. Yet Plaintiff raised her new claims for the first time

16   almost a year later in her response to Defendant's summary judgement motion on March

17   20, 2020. Plaintiff fails to allege any newly discovered information or factual occurrence

18   of which she was unaware of at the time she filed her original complaint. *See*

19   *AmerisourceBergen Corp.*, 445 F.3d at 953. Additionally, Plaintiff raises these new claims

20   after the close of discovery, prejudicing the Defendant by depriving its opportunity to

21   depose and investigate Plaintiff's claims. *See Neidermeyer*, 718 Fed. Appx. at 488. Even

22   were this not the case amendment in the present case would also be futile because the

23   factual foundation of Plaintiff's new allegations cannot withstand summary judgment. *See,*

24   *e.g., Azurite Corp. v. Amster & Co.*, 844 F.Supp. 929, 939 (S.D.N.Y. 1994) (Sotomayor J.)

25   *aff'd*, 52 F.3d 15 (2d Cir. 1995) (holding amendment is futile when "the factual foundations

26   of [Plaintiff's] new allegations are insufficient…to withstand…summary judgment.").

27          For these reasons, the Court will not grant Plaintiff's motion to amend her

28   complaint. Instead the Court will move forward with its summary judgment analysis based

1    on the Plaintiff's First Amended Complaint and the pleadings properly before the Court.

2    **B.  Jurisdictional Defect in the Claims of Sex and Age Discrimination**

3    Though Plaintiff did allege sex and age discrimination in her First Amended

4    Complaint, her failure to pursue those claims before the EEOC prevents this Court from

5    considering those claims. "To establish subject matter jurisdiction over [a] Title VII . . .

6    claim, [Plaintiff] must have exhausted his administrative remedies by filing a timely charge

7    with the EEOC." *Vasquez*, 349 F.3d at 644 (citing 42 U.S.C. § 2000e-5). "Subject matter

8    jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's

9    actual investigation or an EEOC investigation that could reasonably be expected to grow

10   out of the charge." *Id.* In determining whether a claim is reasonably related to the EEOC

11   charge, the Court "may consider 'such factors as the alleged basis of the discrimination,

12   dates of discriminatory acts specified within the charge, perpetrators of discrimination

13   named in the charge, and any locations at which discrimination is alleged to have

14   occurred.'" *Id.* (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)).

15   The Court should "consider a plaintiff's claims to be reasonably related to allegations in

16   the charge 'to the extent that those claims are consistent with the plaintiff's original theory

17   of the case,' . . .  as reflected in the plaintiff's factual allegations and his assessment as to

18   why the employer's conduct is unlawful." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir.

19   2002) (quoting *B.K.B.*, 276 F.3d at 1100).

20   While Plaintiff checked the boxes for Race, Sex, Retaliation, Age and Other on her

21   EEOC form, all factual allegations in her EEOC complaint were limited to race

22   discrimination alone. Thus, Defendant argues any discrimination claims made based on

23   sex or age should not be considered by this Court. This Court agrees. In the EEOC

24   complaint, Plaintiff first lays out her claim for retaliation based on her alleged workplace

25   injury. Next Plaintiff claims she was not paid for all of her hours. She then alleges she was

26   fired for violating the "No Chase/No Confront" rule but that "other non-African employees

27   have broken this rule". (Doc. 5701, p. 111.) Finally, she claims retaliation for another

28   employee she felt her remarks were racist. (Doc. 57-1, p. 111.) Considering that the

1   allegation of race discrimination is not the same basis as the sex discrimination alleged in

2   the EEOC charge, Plaintiff has failed to exhaust her administrative remedies for her sex or

3   age discrimination claims. Accordingly, the Court dismisses all claims relating to sex or

4   age discrimination.

5           **C. Procedural Defects of Plaintiff's Amended Response**

6           With regard to the remaining claims, Plaintiff's failure to provide an adequate

7   statement of facts compels the Court to take Defendant's Statement of Facts as undisputed.

8   Like other litigants, *pro se* litigants are bound by the Federal Rules of Civil Procedure, the

9   Local Rules of Civil Procedure, and Court orders. *See Jacobsen v. Filler*, 790 F.2d 1362,

10  1364-65 (9th Cir. 1986). The Court informed the Plaintiff of this obligation and directed

11  her to the relevant rules in the notice issued to Plaintiff on February 10, 2020. (Doc. 65.)

12  (informing Plaintiff her response must comply with Fed. R. Civ. P. 56, LRCiv. 56.1, and

13  LRCiv. 7.2 and setting out the relevant text of those rules). Yet Plaintiff's Amended

14  Response still fails to comply with Rule 56 of the Federal Rules of Civil Procedure as well

15  as with Local Rules 7.2[3] and 56.1.

16          Instead of providing a separate statement setting forth disputed and additional facts

17  with references to "specific admissible portions of the record" as required by Local Rule

18  56.1, Plaintiff provides a three-page exhibit list and 159 pages of documents accompanied

19  by little to no explanation. (Docs. 83-1, 83-2.) Plaintiff neither explains the documents'

20  relevance nor what factual allegations they support. Instead Plaintiff leaves it to the Court

21  to draw her conclusions for her. The Court declines to do so. *See, e.g., Zoslaw v. MCA*

22  *Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a

23  motion for summary judgment by simply overwhelming the district court with a miscellany

24  of unorganized documentation."); *Smith v. Alameida*, 2003 WL 27385862, at *1 (E.D. Cal.

25  Apr. 24, 2003) (holding the duty to construe *pro se* filings liberally "does not require the

26  _____

27  [3] Local Rule 7.2 clearly states "a motion including its supporting memorandum, and the
    response including its supporting memorandum, may not exceed seventeen (17) pages."

28  Yet, the Plaintiff's Amended Response is almost six times the maximum length. LRCiv.
    7.2. (Doc. 81; Doc. 81-1.)

1  Court to search through hundreds of pages of lodged documents in an attempt to discover

2  [a plaintiff's] claims"). Instead, because Plaintiff's Statement of Facts contains no factual

3  statements and because she did not file a controverting statement of facts, the Court deems

4  Defendant's statement of facts to be undisputed for purposes of this Summary Judgement

5  Order.  *See*, *Szaley v. Pima Cty*., 371 Fed. Appx. 734, 735 (9th Cir. 2010).

6         Having resolved the procedural and jurisdictional defects surrounding the Plaintiff's

7  case, the Court will now move on to analyze the remaining claims on summary judgment.

8         **IV.    Analysis**

9         **A.  Standard of Review**

10        Summary judgment is appropriate when "there is no genuine dispute as to any

11  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

12  56(a). A material fact is any factual issue that might affect the outcome of the case under

13  the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

14  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could

15  return a verdict for the non-moving party.  *Id.* "A party asserting that a fact cannot be or is

16  genuinely disputed must support the assertion by . . . citing to particular parts of materials

17  in the record" or by "showing that materials cited do not establish the absence or presence

18  of a genuine dispute, or that an adverse party cannot produce admissible evidence to

19  support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited

20  materials, but it may also consider any other materials in the record. Fed. R. Civ. P.

21  56(c)(3). Summary judgment may also be entered "against a party who fails to make a

22  showing sufficient to establish the existence of an element essential to that party's case,

23  and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

24  477 U.S. 317, 322 (1986).

25        Initially, the movant bears the burden of demonstrating to the Court the basis for the

26  motion and "identifying those portions of [the record] which it believes demonstrate the

27  absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial

28  burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz*

1   *Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility,

2   the burden then shifts to the nonmovant to establish the existence of a genuine issue of

3   material fact. *Id.* at 1103. The nonmovant need not establish a material issue of fact

4   conclusively in its favor, but it "must do more than simply show that there is some

5   metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

6   *Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are

7   insufficient to create a material issue of fact and defeat a motion for summary judgment.

8   *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not

9   significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations

10  omitted). However, in the summary judgment context, the Court believes the nonmovant's

11  evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the non-

12  moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence

13  yields conflicting inferences [regarding material facts], summary judgment is improper,

14  and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139,

15  1150 (9th Cir. 2002).

16      **A.  Plaintiff's Discrimination Claim**

17          The Plaintiff has failed to "establish the existence of an element essential to her

18  case" because she has presented no evidence showing she was treated differently than other

19  employees. *See Celotex*, 477 U.S. at 322. Title VII of the Civil Rights Act of 1964, 42

20  U.S.C. § 2000e *et seq*. (Title VII), prohibits employers from discriminating against an

21  employee based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3. Title

22  VII discrimination claims are analyzed under the burden-shifting framework set out in

23  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework,

24  Plaintiff must first establish a prima facie case of discrimination. *Id*. If Plaintiff establishes

25  a prima facie case, then Defendant must rebut the presumption of discrimination by

26  "articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection."

27  *McDonnell Douglas*, 411 U.S. at 802. "If the employer does so, the burden shifts back to

28  the plaintiff to demonstrate that the employer's proffered reason is a pretext for

1    discrimination." *Pierson v. City of Phoenix*, No. CV-16-02453-PHX-DLR, 2017 WL
2    4792122, at *3 (D. Ariz. Oct. 24, 2017). To establish a prima facie case under Title VII,
3    the plaintiff must show: (1) she belong to a class of persons protected by Title VII; (2) she
4    performed her job satisfactorily; (3) she suffered an adverse employment action; and (4)
5    that her employer treated the plaintiff differently than a similarly situated employee who
6    does not belong to the same protected class as the plaintiff. *Lucas v. Tempe Union High*
7    *School District*, 2019 WL 3083010 *5 (D. Ariz. July 15, 2019) (quoting *Cornwell v.*
8    *Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)).

9           Here, Plaintiff has shown that she belongs to a protected class and that she suffered
10   an adverse employment action, and the Defendant does not argue that she performed her
11   job unsatisfactorily. However, Defendant argues Plaintiff has not made a prima facie case
12   of disparate treatment. The Court agrees. Plaintiff makes conclusory statements that she
13   was treated differently than other employees but has not presented any evidence about a
14   single employee outside of her protected class who was treated differently. Such
15   conclusory allegations alone are not enough to create a triable issue of fact as a matter of
16   law. *See Detholoff v. Buchanan*, No. CV05-140- PCT-MHM, 2008 WL 4277643, at *3 (D.
17   Ariz. Sept. 16, 2008) ("Conclusory allegations, unsupported by factual material, are
18   insufficient to defeat a motion for summary judgment.").

19          Even if Plaintiff had established a prima facie case of racial discrimination, her
20   claim still fails because she has not provided any evidence of pretext. *See Pierson*, 2017
21   WL 3083010 at *3. Circle K has articulated a legitimate, nondiscriminatory reason for
22   terminating Plaintiff, her violation of the "No Chase/No Confront" policy. That reason was
23   supported by Plaintiff's statements of facts including proof that Plaintiff was aware of the
24   policy, that she acknowledged violation the policy, and the video of the incident on June
25   3, 2018. Plaintiff has submitted a 95-page response and 159 pages of attachments but has
26   not identified any evidence to suggest that the given reason for her termination was
27   pretextual.[4]  As such, the claim of racial discrimination will be dismissed.

28
_____
[4] The Court will not wade through Plaintiff's submission to find such evidence. *See Keenan*

**B. Retaliation**

Plaintiff has also failed to establish an essential element of her case because she has presented not presented evidence sufficient to show a prima facie case of retaliation. To make a prima facie case for retaliation, a plaintiff must prove (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000); *see also Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir. 2003).

Here, Plaintiff claims she was subject to retaliation for reporting her co-worker's alleged racial slurs to Circle K in December 2017 and for filing a worker's compensation claim. First, Plaintiff presents no evidence that she reported her co-worker's behavior except for her self-serving statements. Secondly, Plaintiff cannot show that her termination was caused by the protected activity. She was terminated six months after she says she complained about her co-worker, but there was an intervening event, namely her violation of the "No Chase/No Confront" policy. *See, e.g., Panka v. Tin, Inc.*, 2012 WL 273892, at *7 (C.D. Cal. Jan. 30, 2012) ("This intervening violation of company policy severs any inference of pretext because all of plaintiff's alleged 'protected activity' occurred prior to his violation of the Lockout policy, and, in the case of his filing of the lawsuit, several months prior."). As to her report of a work injury, that did not occur until after she violated the "No Chase/No Confront" policy and was placed on administrative leave. Since the adverse action occurred before the worker's compensation report, the Court cannot conclude her firing was in retaliation of the report rather than for violating company policy. The Plaintiff has failed to present any evidence sufficient to survive summary judgement. As such her retaliation claims will be dismissed.

**A. Conclusion**

**IT IS ORDERED granting** Defendant Circle K Inc.'s Motion for Summary Judgment (Doc. 56), dismissing this case with prejudice and directing the Clerk of Court

---

*v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (Holding the Court is not required to "scour the record in search of a genuine issue of triable fact." When deciding summary judgment.)

1    to terminate this action;

2        **IT IS FURTHER ORDERED striking** Plaintiff's Motion for Summary Judgment

3    (Doc. 82).

4        Dated this 25th day of September, 2020.

5

6

7

8    _____
     Honorable Susan M. Brnovich
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28